IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JUAN LaSEAN PERRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 1:19-cv-00063 |
| | ) |
| RUSTY WASHBURN, Warden, | ) JUDGE CAMPBELL |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Juan LaSean Perry, a state prisoner, filed a pro se petition for the writ of habeas corpus ("Petition") under 28 U.S.C. § 2254. (Doc. No. 1 at 1–11). Respondent filed a motion to dismiss the Petition as untimely (Doc. No. 6), Petitioner filed a response (Doc. No. 9), and Respondent filed a reply (Doc. No. 10). Petitioner filed a sur-reply. (Doc. No. 11). As explained below, Respondent's motion will be granted, and the Petition will be denied as untimely.

### I. BACKGROUND

In November 2005, a Maury County jury found Petitioner guilty of second-degree murder. (Doc. No. 5-1 at 75). The trial court sentenced Petitioner to a term of 25 years' imprisonment at 100% service, to be served consecutively to unrelated sentences out of Giles County. (*Id.*). On April 28, 2008, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment. *State v. Perry*, No. No. M2007-00903-CCA-R3-CD, 2010 WL 1875165 (Tenn. Crim. App. Apr. 28, 2008). Petitioner did not request permission to appeal to the Tennessee Supreme Court.

Since that time, Petitioner has filed several motions for collateral review in the state courts. First, on February 28, 2013, the trial court received Petitioner's *pro se* petition for post-conviction relief. (Doc. No. 5-15 at 8). The court summarily dismissed the petition as untimely. (*Id.* at 43–

44). The TCCA affirmed, and the Tennessee Supreme Court denied Petitioner's application for permission to appeal on February 24, 2014. *Perry v. State*, No. M2013-00986-CCA-R3-PC, 2013 WL 5775814 (Tenn. Crim. App. Oct. 24, 2013), *perm. app. denied* Feb. 24, 2014.

Meanwhile, on a date that is unclear from the record, Petitioner filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1 in the Maury County Circuit Court.[1] (Doc. No. 5-30 at 2). That court denied it on November 26, 2014. (*Id.*).

Next, on January 2, 2018, the Trousdale County Circuit Court received Petitioner's state habeas corpus petition. (Doc. No. 5-23 at 3). The court denied relief (*id.* at 7–9), and the TCCA affirmed on August 15, 2018. *Perry v. State*, No. M2018-00207-CCA-R3-HC, 2018 WL 3913505 (Tenn. Crim. App. Aug. 15, 2018). The TCCA denied rehearing. (Doc. No. 5-29).

Petitioner then filed another Rule 36.1 motion in the Maury County Circuit Court on an unknown date, and that court denied it on September 6, 2018. (Doc. No. 5-30 at 2). The TCCA dismissed Petitioner's appeal on April 12, 2019 (*id.* at 4), and then denied rehearing (*id.* at 9). On August 15, 2019, the Tennessee Supreme Court denied discretionary review. (*Id.* at 10).

Finally, on February 25, 2019, the Trousdale County Circuit Court received Petitioner's second state habeas corpus petition. (Doc. No. 5-31 at 3). On March 25, 2019, that court again denied relief. (*Id.* at 11–13). Petitioner appealed, but did not file an appellate brief, so the TCCA dismissed the appeal for failure to prosecute on August 21, 2019. (Doc. No. 5-32).

While this most recent appeal was pending before the TCCA, Petitioner filed a federal habeas corpus petition in this Court. (Doc. No. 1). Petitioner declared under penalty of perjury that he placed the Petition in the prison mailing system on July 19, 2019. (*Id.* at 10). The Court therefore

---

[1] The filing dates of Petitioner's Rule 36.1 motions are unclear because the motions are not part of the state court record provided by Respondent. Information regarding this motion is taken from a later opinion of the TCCA. (Doc. No. 5-30 at 2).

considers the Petition filed as of that date. *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)) (footnote omitted).

## II. ANALYSIS

There is a one-year statute of limitations for the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). This one-year period begins to run "from the latest of" four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The running of the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "'The tolling provision does not, however, "revive" the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Here, the TCCA affirmed Petitioner's judgment on direct review on April 28, 2008. Petitioner then had sixty days to file an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b). He did not do so. Accordingly, Petitioner's judgment became final sixty days after the TCCA affirmed his conviction, or June 27, 2008. The one-year statute of limitations began running the next day, Fed. R. Civ. P. 6(a)(1)(A), resulting in a federal habeas corpus deadline of June 29, 2009.[2] Petitioner did not file the Petition until July 19, 2019—over ten years later.

To be sure, Petitioner unsuccessfully pursued collateral review in the state courts in several ways, including through a post-conviction petition, two motions to correct an illegal sentence, and two state habeas corpus petitions. But none of these motions "had a tolling effect because they

---

[2] One year after June 28, 2008, was Sunday, June 28, 2009. Thus, Petitioner's federal habeas deadline extended to Monday, June 29, 2009. *See* Fed. R. Civ. P. 6(a)(1)(C).

were filed after the limitations period had expired." *Columbert v. Brewer*, No. 18-1339, 2018 WL 4621951, at *2 (6th Cir. July 5, 2018) (citing *Vroman*, 346 F.3d at 602). These motions, therefore, did not revive the already-expired statute of limitations.

In his response to the motion to dismiss, Petitioner argues that he is entitled to equitable tolling. (Doc. No. 9 at 7). The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Here, Petitioner states that his untimely filing is due to policies restricting his access to courts at his current place of confinement, Trousdale Turner Correctional Center. (Doc. No. 9 at 7). Specifically, Petitioner states that Trousdale Turner has "constant institutional lock downs," a "lack of staff," and a policy of "confiscating [inmates'] disc[s] and completely not allowing the use of the disc[s] and whats on them." (*Id.*).

Even accepting these assertions as true, Petitioner is not entitled to equitable tolling. The Sixth Circuit has explained that a prisoner's "pro se status and limited law-library access" are not "extraordinary circumstances." *See Hall*, 662 F.3d at 751. And to the extent that Petitioner is asserting that Trousdale Turner has a generally applicable policy of not allowing inmates to use compact discs to store their legal materials, "the mere negligent confiscation of a habeas petitioner's legal materials does not justify equitable tolling." *Paige v. Birkett*, No. 05-CV-71917-

DT, 2006 WL 273619, at *7 (E.D. Mich. Jan. 31, 2006) (citing *Paul v. Conway*, No. 04 Civ. 9493 SHS DFE, 2005 WL 914384, at *6 (S.D.N.Y. Apr. 19, 2005)).

Just as importantly, Petitioner has not demonstrated that he was diligent in pursuing his rights. Any difficulties Petitioner is facing at his current place of confinement do not explain why Petitioner missed the deadline to file a federal habeas corpus petition by over ten years. This lengthy delay is well beyond an amount of time that the Sixth Circuit has previously deemed to be "excessive and inappropriate for the application for equitable tolling." *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463–64 (6th Cir. 2012) (citing *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011)) (finding that a habeas petitioner's delay of three years in pursuing post-conviction relief reflected a lack of diligence); *Robinson*, 424 F. App'x at 443 (citations omitted) ("[T]his Court has never granted equitable tolling to a petitioner who say on his rights for a year and a half."). Accordingly, Petitioner falls far short of meeting his burden to establish equitable tolling.

### III. CONCLUSION

For these reasons, the Petition is untimely and is not subject to equitable tolling. Respondent's motion to dismiss (Doc. No. 6) will be granted, the Petition will be denied, and this action will be dismissed.

A habeas petitioner may not appeal an adverse final order unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "If the petition [is] denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

5

was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes jurists of reason would not disagree that the Petition is barred by the statute of limitations, and will therefore deny a COA.

The Court will enter an appropriate Order.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE